1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD WILLARD TURNER,

                Plaintiff,

     v.

FIRST HORIZON HOME LOANS, et al.,

                Defendants.

CASE NO. C12-5962 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

      This matter comes before the Court on a motion for a temporary restraining order ("TRO") and permanent injunction (Dkt. 14) filed by plaintiff Ronald Willard Turner ("Turner"). The Court has considered the pleadings filed in support of the motion and hereby denies the motion for the reasons stated herein.

      On November 6, 2012, Turner filed a complaint and a motion for a temporary restraining order to enjoin the Trustees' sale of his home "scheduled for October 20, 2012." Dkt. 2 at 2. Turner requested relief pursuant to RCW 7.40.020 and RCW 61.24, *et seq. Id.* at 5.

      On November 7, 2012, the Court denied his motion for a TRO because he failed to show that notice was provided to the opposing parties or that an emergency existed on the face of his complaint (he alleged the sale of his home took place before he filed the

ORDER - 1

motion to enjoin the sale). Dkt. 4 at 2. Additionally, the Court denied the TRO because Turner failed to show that he was willing or able to pay the clerk of the court the sums due on his obligation secured by the deed of trust pursuant to RCW 61.24, *et seq*. *Id*.

On November 28, 2012, Turner filed an amended motion for a TRO and permanent injunction, indicating the sale of his home was continued until December 14, 2012. Dkt. 14. He seeks relief under the same statutes as he did in his prior motion. *Id*. at 6.

Under RCW 61.24, *et seq*., no injunction shall issue unless "the applicant pay[s] to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed." RCW 61.24.130. Though Turner cites this very statute and argues that he does not have to pay such sums to the clerk because his house is being foreclosed (Dkt. 14 at 2), Turner seems to misinterpret this statutory requirement. Pursuant to RCW 61.24.130, Turner must pay the sums that would be due on his obligation secured by the deed of trust to the clerk of the court in order to make the issuance of an injunction possible.

Therefore, Turner's motion for a TRO and permanent injunction (Dkt. 14) is **DENIED.**

Dated this 11th day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge