UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD WILLARD TURNER,

    Plaintiff,

v.

FIRST HORIZON HOME LOANS, et al.,

    Defendants.

CASE NO. C12-5962 BHS

ORDER GRANTING TICOR TITLE INSURANCE COMPANY'S MOTION TO DISMISS

This matter comes before the Court on Ticor Title Insurance Company's ("Ticor") unopposed 12(b)(6) motion to dismiss. Dkt. 7. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

On November 6, 2012, Plaintiff Ronald Willard Turner ("Turner") filed a complaint against multiple defendants, including Ticor. On November 16, 2012, Ticor filed the instant motion to dismiss due to Turner's failure to state a claim against Ticor. Dkt. 7. Ticor argues that although Turner names it as one of the defendants, the complaint contains no factual allegations against Ticor specifically. Further, of the facts that are alleged, none would allow this Court to draw a reasonable inference that Ticor is liable to Turner. *Id.* at 2. Moreover, Ticor maintains that no facts or claims, alleged or not, exist that would allow the Court to infer Ticor is in any way liable to Turner. *Id.* at 3. Turner does not oppose Ticor's motion to dismiss.

1     Rule 7(b)(2) of the Local Rules states that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  However, in considering a motion for summary judgment, the motion should not be granted simply because there is no opposition, even if the failure to oppose violates a local rule.  *See Henry v. Gill Indus.,* 983 F.2d 943, 950 (9th Cir. 1993).  Rather, the moving party must demonstrate the absence of genuine issues of material fact, regardless of whether the party against whom the motion for summary judgment is directed has filed any opposition.  *See Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994).  The Court applies a similar analysis when a party fails to respond to a motion to dismiss in that the moving party must demonstrate why the plaintiff has failed to state a claim in order for the motion to be granted.

    Here, Ticor filed a motion to dismiss in which it demonstrates that Turner has alleged no specific or general facts that could reasonably apply to it.  A review of the complaint demonstrates that Turner fails to state a claim upon which relief could be granted, and has failed to file an opposition to the motion to dismiss.

    Therefore, the Court hereby **ORDERS** that Ticor's motion to dismiss (Dkt. 7) is **GRANTED** and the claims alleged in Turner's complaint against Ticor are **DISMISSED without prejudice.**

    Dated this 18th day of December, 2012.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge